## LIABILITY OF COUNTY COMMISSIONERS FOR WRONGFUL DEATH.

[Circuit Court of Cuyahoga County.]

HENRY T. RAHE, ADMINISTRATOR, v. THE BOARD OF COMMISSIONERS OF CUYAHOGA COUNTY.

Decided, June 25, 1904.

*County Commissioners—Liability of—For Failure to Keep County Bridge in Repair.*

Under favor of Sections 845 and 6134, Revised Statutes of Ohio, an action may be maintained against the county commissioners in their official capacity, by the administrator of one whose death is the result of the negligence of the commissioners in failing to keep a county bridge in repair.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the court of common pleas.

Plaintiff, as administrator of Charles Gessner, deceased, filed his petition in the Common Pleas Court of Cuyahoga County against the board of commissioners of said county in their official capacity, alleging that his decedent came to his death in crossing a bridge on one of the county roads of said county, by reason of the negligence of said commissioners in failing to keep said bridge in repair. Damages in the sum of ten thousand dollars was claimed for the benefit of the widow and surviving children of said decedent.

A general demurrer to the petition was filed by the defendants and sustained by the court below, and judgment rendered against the plaintiff. Thereupon petition in error was filed in this court which brings before us for consideration and review a question raised by the demurrer, and argued to us, to-wit, Will an action for wrongful death lie against the commissioners of a county?

This question was before this court in the unreported case of *Rose v. Board of County Commissioners*, several years ago, and then answered in the negative, the court affirming the decision of the common pleas court for the reasons stated in the opinion by Judge Phillips of that court.

That opinion held that Section 845, Revised Statutes of Ohio, which provides that county commissioners shall be capable of suing and being sued in cases involving injuries to public, state and county roads, bridges, ditches, drains and watercourses established by such boards in their counties, and that "any such board of county commissioners shall be liable in their official capacity for any damages received by reason of the negligence of said commissioners in keeping any such road or bridge in repair," did not by its terms create a liability in favor of anybody arising out of the death of a person resulting from such negligence; that Section 6134, which provides that in case of the wrongful death of any person, an action may be maintained by the administrator or executor of the ;stau of such person against the corporation which or the person whc would have been liable if death had not ensued, did not by its terms authorize the action against the county or its commissioners, because the county is not a corporation, and that both of said statutes being in derogation of common law, must be strictly construed.

An able brief has been presented by counsel for plaintiff in error, suggesting strong reasons why the court should reverse itself and this case, and we have thoroughly reviewed the reasons and authorities supporting his claim.

It is not suggested that Section 845 itself specifically provides a remedy in case of wrongful death by reason of the negligence of the commissioners, but that when read in connection with Section 6134, a liberal construction of the two statutes would authorize the bringing of an action therefor against the county commissioners in a proper case, although it is admitted that at common law an action for wrongful death would not lie.

It is claimed the decision in the Rose case, while logical, reaches a wrong conclusion because its premise is wrong. The argument in that case was: Statutes in derogation of the common law must be strictly construed; Sections 845 and 6134 are in derogation of the common law, therefore they must be strictly construed.

It is suggested that the proposition should be stated as follows: Remedial statutes are to be liberally construed; Sections

845 and 6134 are remedial statutes; therefore they are to be liberally construed.

The wrong premise is evidently in the latter statement. These statutes, while in one sense they provide remedies for existing evils, do more than that; they create rights and liabilities; they make causes of action where before none existed. Such was the holding in the case of *P., C. & St. L. R. R. Co.* v. *Hene, Admx.,* 25 O. S., 629; on page 634 of the opinion, Judge Gilmore, speaking of the act of 1851, which is now Section 6134, says:

"The right of action given by the statute of 1851 is in the nature of property in *action.* * * * The right was not known to the common law. * * . * Hence, the right of action in such cases could only be conferred by statute. * * * The act being in derogation of the common law, any restrictive language used in it (speaking of the proviso that such actions must be brought within two years of the death) must be construed against the right created by it. *It would be different if the act was merely remedial as to existing rights; such statutes are to be liberally construed.*"

So, with regard to Section 845, it is an innovation upon the common law; before its enactment no action would lie against the county for damages resulting from the negligence of its commissioners, whether death ensued or not. At the time the Legislature provided a liability for such negligence it knew the extent of Section 6134. In a case involving a similar statute, the act of April 18, 1870, under which a wife or child who should be injured in person or property or means of support by an intoxicated person might have a right of action against the person causing the intoxication, the Supreme Court makes the following observations:

"The seventh section of the liquor act, above quoted, was also an innovation upon the common law; as, before its enactment, there was no action for an injury caused by an intoxicated person, or in consequence of the intoxication against the person who caused the intoxication. But since the action is thus given by the statute, the question is, whether, in view of the state of the law as it existed at the date of its passage, the terms of the section should be so construed as to extend the remedy to damages resulting from the death of the person intoxicated? In-

juries 'by any intoxicated person, or in consequence of the intoxication' are the terms of the statute; and it is contended that if intoxication causes death, and death causes injury, the latter is within the meaning of the act. On the other hand, it is contended, that as the Legislature must be presumed to have known the state of the common law, and the extent of the innovation by the act of 1851 (Section 6134), if a further innovation had been intended, such intention would have been expressed in unmistakable terms. We incline to the latter view." *Davis* v. *Justice,* 31 O. S., 359, 363.

It was evidently with this conception of the law that in 1896 and again by amendment of the same act in 1898, the Legislature, in providing that counties should be liable to a person injured by a riot, also provided that they should likewise be liable to his administrator if the victim of the riot should be killed. Section 4426-6-7-8, Revised Statutes of Ohio.

In view of these decisions, neither section of the statutes, separately construed, would seem to authorize the action here brought.

It can hardly be said that the board of county commissioners or the county is a corporation, in the sense that said word is used in the statutes, for there are many decisions in this state to the contrary, if they are applicable to this case. *Commissioners of Hamilton Co.* v. *Mighels,* 7 O. S., 110; *Treadwell* v. *The Commissioners,* 11 O. S., 183; *Finch* v. *Board of Education,* 30 O. S., 37; *Dunn* v. *Agricultural Society,* 46 O. S., 93; *Overholser* v. *National Home for Disabled Soldiers,* 68 O. S., 236.

From the foregoing considerations we would be disposed to affirm the judgment in this case and adhere to our former ruling, were it not for the case of *Commissioners* v. *Coffman, Admx.,* 60 O. S., 527, where the question here raised was necessarily involved, but does not appear to have been argued to the court. Whether the Supreme Court would have reversed and remanded that case, or reversed and entered judgment for plaintiff in error, if it had fully considered the proposition here made, we are unable to say. Perhaps, upon a full presentation of the matter, the Supreme Court may come to a different conclusion, but it is not for us to assume that it will.

The action was against a board of county commissioners to recover damages for the death of a person caused by the breaking down of a bridge by a traction engine drawing a water tank on which the deceased was riding.    Judgment had been rendered for plaintiff in the common pleas court and circuit court; these judgments were reversed by the Supreme Court for error in the charge and for refusal to charge as requested, in that the trial judge did not submit to the jury whether the use being made of the bridge when the deceased received the injury which caused his death was such usual and ordinary use of it as reasonably prudent persons in the situation of the commissioners, and charged with their duties, would, in the exercise of ordinary care, in view of all the facts have anticipated would be made of the bridge and would be attended with danger of injury resulting to persons or property.

It appears, however, that a demurrer had been filed in the case. The argument on the demurrer, doubtless, did not raise the precise question here presented, for we find the following language used on page 530 of the opinion:

"Another claim of plaintiff in error—one made on demurrer to the petition—is that, because the liability created by the statute is that of the commissioners, in their official capacity, for their official neglect, redress must be sought by action on their official bonds, which are required in order to secure a faithful and diligent performance of their official duties; and, furthermore, that as the negligence charged includes the defective construction of the bridge, which was built before the act was passed, the action is not maintainable against the board of commissioners as constituted when the injury complained of was sustained.    The material fact, however, from which the liability for a defective bridge arises is the negligence of the commissioners in not keeping it in repair when the injury occurred; and the length of time the defect had continued before, or how it originated, are unimportant except as tending to show knowledge of its existence.    The negligent omission to make needed repairs on a bridge known to be out of repair is, within the purview of the statute, a negligent failure to keep it in repair.    And the liability of the commissioners in their official capacity is the liability of the county they represent to the person injured by their culpable neglect.    Whether, in the first instance, recovery might be had on their bonds, or whether the county may have

recourse to them for reimbursement of the damages paid by it, are questions not now before us, and upon which we express no opinion. *We are satisfied that, in a proper case, the action may be maintained as this one was brought, directly against the board of commissioners in their official capacity.*"

Personally, I am of the opinion that this last sentence means only that the Supreme Court considers that an action under favor of Section 845 is rightly brought against the board of commissioners in their official capacity, whatever the personal liability of the commissioners or their bondsmen to the county may be, growing out of the negligence of the commissioners, and nothing more. I can not believe that the Supreme Court, having stated specifically two questions which it says were raised by the demurrer, undertook to decide a third question thereby raised, but in no manner discussed by counsel. or considered in the opinion.

However, a majority of the court is of the opinion that the language used in the last sentence quoted is broad enough to be decisive of this case. Such being the case, further discussion of the matter is precluded and it is proper, and the law requires, that the judgment of the court below be reversed for error in sustaining the demurrer.

Judgment reversed.

*Johnson & Dunlap*, for plaintiff in error.

*C. W. Stage*, County Solicitor, for defendant in error.